[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a suit on a promissory note dated October 10, 1999 (Plaintiff's Exhibit 1). On the face of the note, the amount owed is $10,500.00 and it recites that there is no interest to be charged per annum.
In fact, the undisputed testimony is that on September 9th, 1999, six thousand dollars was loaned to the defendant, Denece Whitney by Carmine Marino. There is a dispute as to whether or not in fact the second advance to her was made on September 21, 2000 and September 24th by Mr. Marino to increase the loan from $6,000.00 to $8,500.00.
The better evidence is that the $2,500.00 was loaned. On September 21, 2000 the $100.00 in cash was loaned and on the 24% $2,400.00 was loaned. The court relies in part on the fact that the note of $10,500 was signed on October 10, 1999.
It is also clear, and the parties do not disagree that $2,225.00 was paid by the defendant.
The note that was signed in the amount of $10,500.00 was essentially for an underlying debt of $8,500.00. The note since it provides for no due date is a demand note.
The $2,000.00 return on a demand note of $8,500.00 is usurious under Connecticut law, as it exceeds 12% pre annum interest.
Therefore, the court finds that the $2,000.00 sought to be enforced over and above the $8,500.00 is not recoverable under our usury laws.
Accordingly, the court finds that the defendant owes the plaintiff $8,500.00 less the payments of $2,225.00 for an amount due of $6,275.00.
CT Page 12820 The court notes that the security given at the time of the note as it related to the print/artwork, was valueless based on the plaintiff's testimony and the court ordered it returned to the defendant since it was valueless. As it related to the jewelry since it was determined by the plaintiff to be worth only $100.00 to $150.00 on consignment, the court ordered that returned also. The court notes also that the title certificate to the car which the plaintiff did not think he had was also ordered returned to the defendant since it was not the plaintiff's intention to take it based on his testimony.
Judgement may enter in favor of the plaintiff and against the defendant the sum of $6,275.
KARAZIN, J.